Electronically Filed
3/14/2023 1:03 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

23-0622-A

**CAUSE NO. _____**

| | | |
|---|---|---|
| **SEAN T. STOKES AND** | § | **IN THE DISTRICT COURT OF** |
| **DESIREE A. STOKES** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **SMITH COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| *Defendant.* | § | _7th_ **JUDICIAL DISTRICT** |

---

### PLAINTIFFS' ORIGINAL PETITION

---

COMES NOW Sean T. Stokes and Desiree A. Stokes, ("Plaintiffs") complaining of Allstate Vehicle and Property Insurance Company ("Defendant"), and respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.      Plaintiffs are individuals residing in Smith County, Texas.

3.      Defendant is an insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St, Suite 900, Dallas, Texas 75201-3136.

4.      The Clerk is requested to issue Citation.

## III.
## JURISDICTION

5.       Plaintiffs seek monetary relief exceeding $250,000 but not more than $1,000,000. Such damages sought are within the jurisdictional limits of the court. Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX. R. CIV. P. § 47.

6.       The court has jurisdiction over Defendant because this Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

7.      Venue is proper in Smith County, Texas, because the insureds' property giving rise to this cause of action is situated in Smith County, Texas.  TEX. CIV. PRAC. REM. CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

8.      Defendant has been provided notice, in writing, of the claims made by Plaintiffs in this petition, including Plaintiffs' actual damages, in the manner and form required pursuant to TEX. INS. CODE § 542A.003. Plaintiffs have received a copy of such notice.

9.       All other conditions precedent to suit or payment under the policy have been satisfied by Plaintiffs, excused or waived by Defendant, or Plaintiffs are excused from performance due to Defendant's prior breach of the policy. Defendant has not been prejudiced by Plaintiffs' actions, inactions, or delays, if any.

---

10.    Any failures that may have occurred on behalf of the Plaintiffs have not prejudiced the

Defendant in this case.

**VI.**
**FACTS**

11.    This lawsuit relates to a claim for insurance proceeds for damages and additional living

expenses related to Plaintiffs' residential property damage as a result of a weather event.

A.    <u>The Property and The Policy.</u>

12.    Plaintiffs are the owners of a residential property located at 3867 Brighton Creek Circle,

Tyler, TX 75707 ("Property").



**The Property**

13.    At all times material to the issues raised in this petition, the Property was insured by

insurance policy number 829905195 issued by Defendant (the "Policy"). Plaintiffs are the owners

of the Policy and the named insureds under the Policy.

B. <u>February 17, 2021, Texas Winter Storm</u>

14.     On or about February 17, 2021, or another time when the Policy was in effect, a massive

winter storm hit Texas causing substantial damage to millions of residents across the State

("Storm"). The winter storm lasted nearly a week, with its residual damages and affects lasting

months.

15.     The Winter Storm was reported by numerous news and weather agencies across the nation.

The National Weather Service summarized:

> The Winter Outbreak that occurred on Valentine's Week 2021 brought not only
> snow, sleet, and freezing rain to Southeast Texas, but also extreme cold
> temperatures that lasted for several days. This was one of the most impactful winter
> events in recent history that brought multiday road closures, power outages, loss of
> heat, broken pipes, and other societal impacts for the region. While the damage is
> still being assessed, this will likely go down as the first billion-dollar disaster of
> 2021 globally, and potentially the most costly weather disaster for the state of Texas
> in history, surpassing even Hurricane Harvey from 2017.

https://www.weather.gov/hgx/2021ValentineStorm

CNN reported:

> Millions lost their power, forcing families to huddle over a fireplace, scavenge for
> firewood or spend nights in their car trying to stay warm. Others spent hours
> searching for food as shelves emptied and weather conditions led to food supply
> chain problems. The frigid temperatures caused pipes to burst, leading to water
> disruptions for roughly half the state's population.

https://www.cnn.com/2021/02/21/weather/texas-winter-storm-timeline/index.html

The Winter Storm also caught the attention of the Washington Post and the New York Times:

> On Feb. 12, the magnitude of the impending cold blast was apparent to ERCOT
> senior meteorologist Chris Coleman. "This period will go down in Texas weather
> history as one of the most extreme events to ever impact the state. Temperatures
> early next week will set widespread daily records that are likely to be the coldest
> experienced since the 1980s," Coleman wrote in a blog post on ERCOT's website.

https://www.washingtonpost.com/weather/2021/02/19/texas-cold-early-warning/

The winter storm swept across Texas in mid-February, plunging the state into

freezing cold and pushing the power grid to the brink of collapse. Millions of residents were forced to boil water, use generators, huddle in idling cars for heat and scour for wood to feed fires during some of the most frigid weather recorded in state history.

https://www.nytimes.com/2021/07/14/us/texas-winter-storm-deaths.html

16.     As a result of the Storm, the Property sustained significant damage as a result of the extreme cold, water intrusion in the Property, and other effects of the Storm. Additionally, Plaintiffs' swimming pool and related water lines, pumps and other equipment sustained catastrophic damage due to the effects of the Storm.

    C.   The Claim and Defendant's Failures to Properly Handle the Claim.

17.     Promptly after the Storm, Plaintiffs made a claim with Defendant for damages to the Property caused by the Storm. Defendant assigned claim number 0616680120 (the "Claim") and began its investigation of the Claim.

18.     After Plaintiffs made the Claim, Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiffs' claim. Further, Defendant has refused to pay the full amount due and owing under the Policy for the Claim.

19.     Defendant assigned various adjusters and/or claims handlers to work on the claim, including Terry Crosthwait and Michael McDougal. Defendant also engaged the services of engineer David P. Drengenberg, P.E. and his firm CTL Group to assist it with the investigation of the Claim.  At all times material, these individuals and all other persons or entities involved with the Claim on behalf of Defendant were acting as Defendant's agents in the course and scope of their agency with Defendant. Accordingly, Defendant is liable for their acts and omissions.

20.     On February 22, 2021, Defendant acknowledged receipt of the Claim in writing. From the beginning of its purported investigation of the Claim, Defendant did nothing but undervalue the loss, misrepresent the damages, and frustrate the insureds. Defendant's investigation was

performed with a pre-determined approach designed at undervaluing the loss and improperly limiting Defendant's liability in violation of the Policy terms and local law. Defendant ignored numerous areas of covered losses at the Property during its investigation.

21.     On March 19, 2021, Adjuster McDougal prepared an estimate that estimated that the Replacement Cost Value ("RCV") to repair the Storm caused damage to the Property was $33,302.13. The preparation of this estimate was an admission by Defendant that the Property was indeed damaged by the Storm, and that the damages were covered by the Policy. Despite this clear admission and acknowledgement of covered damages that exceeded the Policy's $5,000 deductible, Defendant did not make a payment for the Claim.

22.     By March 27, 2021, despite the obvious covered damages and the preparation of the March 19th estimate, Defendant still had made no decision on the Claim, had issued no payments on the Claim and no decision appeared to be forthcoming in a timely manner.

23.     As a result of Defendant's delay and improper handling of the Claim, Plaintiffs were compelled to retain a licensed public adjusting firm, Meiyssel Insurance Service ("Meiyssel") to assist with evaluating the damage to the Property caused by the Storm, to aide with presenting an insurance claim to Defendant, and to work with Defendant and its agents towards a successful resolution of the Claim. Plaintiffs hiring of Meiyssel was a direct and foreseeable result of Defendant's untimely and improper handling of the Claim. Meiyssel, on behalf of Plaintiffs, provided Defendant with numerous documents and information evidencing the covered losses at the Property, including an engineering report from W. Tom Whitherspoon, PhD, P.E. which attributed substantial Property damage to the Storm.

24.     On May 17, 2021, Defendant's adjuster Crosthwait prepared another estimate specific to Plaintiffs' swimming pool which estimated that the Replacement Cost Value to repair the Storm

caused damage to the swimming pool was $3,185.82. The preparation of this estimate is yet another admission that Plaintiffs' Property was damaged by the Storm and that such damages are covered by the Policy.

25.     Even after receiving the initial estimate, Plaintiffs, with their public adjuster's assistance, continued to provide additional information and arguments in support of Plaintiffs Claim. All of the information provided was ignored or disregarded.

26.     Thereafter, Defendant continued to and continues to wrongfully deny the Claim. Despite the obvious Storm caused damage, clearly acknowledged by two separate adjusters, Defendant continued to refuse to make any payment for the Claim. Instead, Defendant retained Mr. Drengenberg, an engineer and his company CTL Group to further investigate the Claim.

27.     On May 10, 2021, CTL Group prepared an engineering report, which it provided to Defendant.

28.     On May 21, 2021, three months after the loss, Defendant issued a claim decision letter denying the Claim and stating in part that "there is evidence of prior repairs, improper installation, settling, cracking, and failure to take reasonable steps to preserve property, which are not covered by your policy." Defendant issued this wrongful denial even though it had previously acknowledged over $30,000 in covered damage, and in spite of Plaintiffs specifically presenting Defendant with numerous documents and information proving the Claim.

29.     Defendant's improper handling of the Claim subjects it to liability pursuant to TEX. INS. CODE § 541.001, *et seq.* and TEX. INS. CODE § 542.051, *et seq*. Moreover, Defendant violated TEX. INS. CODE § 541.060(a) and engaged in Unfair Settlement Practices by:

   a)     Misrepresenting to Plaintiffs material facts or policy provisions relating to the coverage at issue. Rather than fully compensate Plaintiffs for their losses,

Defendant failed to conduct a reasonable and thorough investigation of the Claim, in order to wrongfully deny the Claim.

b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear. More specifically, even though Allstate's liability under the Policy was, and still is, reasonably clear, Defendant wrongfully denied the Claim.

c) Refusing to pay Plaintiffs' Claim without conducting a reasonable investigation with respect to the Claim. Defendant's investigation was clearly unreasonable because it failed to determine the full amount of the covered damages, even though the damages were obvious and the true amount of cost to repair the damages was readily ascertainable. Had Defendant conducted a reasonable and thorough investigation of the Claim it would have determined the actual amount of its insureds' covered losses.

30. Each of the of the foregoing unfair settlement practices was completed knowingly by Defendant and was a producing cause of the Plaintiffs' injuries and damages.

31. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, et seq. by delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Plaintiffs, through Meiyssel Insurance Service, provided sufficient information evidencing the covered losses for the Claim. Defendant ignored this evidence and instead investigated the Claim with a pre-determined approach. Accordingly, because more than 15 days have passed from that date without full payment on the Claim, Allstate has violated the time limits of TEX. INS. CODE §§ 542.058 and 542.059.

---

32.    The Policy and the law was not followed by Defendant. Defendant presented no reasonable explanation for its failure to pay these damages. These damages are covered under the Policy, and instead of paying the full amount it knew it owed under the Policy, Defendant instead continued to misrepresent the damages and the extent of loss.

33.    Defendant knew, or should have known, the damages were covered during its investigation, but intentionally ignored such evidence and continued to undervalue the claim.

34.    Despite all reasonable efforts made by Plaintiffs to work with Defendant and its agents towards a prompt and fruitful resolution of the Claim, Defendant has refused to make full payment as owed under the Policy. Defendant had numerous opportunities to comply with the Policy and the Texas Insurance Code, yet the Plaintiffs have not to be compensated for their losses covered under the Policy.

35.    Plaintiffs presented a Claim under the Policy for damages caused by the Storm. It was Defendant's responsibility, not the insureds', to conduct a reasonable and thorough investigation of the Claim to determine the specific causes of the loss and the amounts of loss. Defendant failed to do so, and grossly undervalued the amount of Plaintiffs' covered losses. Although Defendant and its agents are required by Texas law and the Policy to conduct a reasonable and thorough investigation of the Claim, they failed to do so.

36.    Rather than accept the significant amount of covered losses and damages caused by the Storm, Defendant conducted a substandard and outcome orientated investigation for the purpose of avoiding full payment on the claim.

37.    To date, Defendant has delayed full payment on the Claim as owed under the Policy, and continues to delay full resolution of the Claim, causing Plaintiffs further injury and damages.

38.    Defendant misrepresented to Plaintiffs that the damage to the Property was not covered

under the Policy, even though the damage was covered by the Policy. Defendant failed to conduct a proper and timely investigation and misrepresented to Plaintiffs about the coverage of the Policy. Thus, its denial to fully compensate Plaintiffs was a misrepresentation of the Policy. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(1).

39.    Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Claim, when Defendant's liability was reasonably clear. Specifically, Defendant adjusted the entire Claim with an outcome-oriented approach and failed to commence a proper investigation of the Claim. This resulted in Defendant's delayed completion of the investigation of the Claim. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(2)(a).

40.    Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any proper explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any reasonable explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(3).

41.    Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant despite Plaintiffs' attempts for a timely resolution. Defendant continued to rely on misrepresentations in their inadequate explanation of their coverage determination and refused to adjust or fully account for the documents presented to them evidencing storm damage to the Property as a result of the subject Storm event. Defendant's

_Plaintiffs' Original Petition_                                                                                     Page 10

conduct constitutes a violation of TEX. INS. CODE §541.060(a)(4).

42.     Defendant refused to fully compensate Plaintiffs for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' Claim.  Defendant ignored the documents and information evidencing the storm damages at the Property and continued to rely on misrepresentations about the Property, the Storm, and covered perils under the Policy. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(7).

43.     Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim.  Defendant's conduct constitutes a violation of TEX. INS. CODE §542.055.

44.     Defendant failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of TEX. INS. CODE §542.056.

45.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim as owed under the Policy. The Property's covered damages under the Policy were made known to Defendant at the outset of the Claim investigation, yet Defendant refused to comply with its obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.058.

46.     From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

47.     Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

48.     Because of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firm who is representing Plaintiffs with respect to these causes of action.

**VII.**
**CAUSES OF ACTION AGAINST DEFENDANT**

49.     Defendant is liable to Plaintiffs for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

50.     Plaintiffs reincorporate and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

      **A.**     **Breach of Contract.**

51.     The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiffs' injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

---

**B.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

52.      The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

53.      Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(1).

54.      Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(2)(A).

55.      Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

56.      Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

57.      Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE

§541.060(7).

58.     Defendant's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. This continued failure compelled Plaintiffs to file suit.  TEX. INS. CODE §542.003(5).

>        **C.      Prompt Payment Of Claims Violations.**

59.     The Claim is a claim under an insurance policy with Defendant of which Plaintiffs gave Defendant notice.  Defendant is liable for the Claim.  Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a)  Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiffs' Claim within a reasonable time and manner. Defendant received notice of the loss promptly after the Storm, but failed to promptly investigate, and when it did it conducted an improper subpar investigation that resulted in a gross undervaluation of the damages and a wrongful partial denial of the claim. Defendant continued to delay performing a full and proper investigation of the Claim and continued to conduct an inadequate analysis of the Claim.;

b)  Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiffs with a proper explanation of their Claim decision. Specifically, Defendant delayed a coverage determination, despite having all the information it required to make such determination. Even after its claim decision, it failed to provide an explanation of the basis of for its reasoning and failed to account for all aspects of the claim, leaving some issues undetermined. This caused Plaintiffs further injury and damages which Defendant was put on notice of; Defendant failed to act on this. Defendant provided no reasonable explanation or justification for its unreasonable delays. Defendant failed to provide a proper explanation of their denial. Defendant relied on misrepresentations about the covered losses and the policy as a basis for its claim decision.; and/or by

c)  Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiffs' Claim.

---

*Plaintiffs' Original Petition*                                                    Page 14

60.     Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX. INS. CODE §542.060.

###     D.    Breach Of The Duty Of Good Faith And Fair Dealing.

61.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiffs was reasonably clear.  Defendant's conduct proximately caused Plaintiffs' injuries and damages.

### VIII.
### KNOWLEDGE

62.     Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

### IX.
### DAMAGES

63.     Plaintiffs will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

64.     For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney fees.

65.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages.  TEX. INS. CODE §541.152.

66.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, penalty interest per annum (calculated by adding five

---

*Plaintiffs' Original Petition*                                                                                    Page 15

(5) percent to the current interest rate as determined by the Board of Governors of the Federal Reserve System) of the amount of Plaintiffs' claim as damages, together with attorney's fees.  Tex. Ins. Code §542.060.

67.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

68.    As a direct and foreseeable result of Defendant's acts and omissions in the mishandling of Plaintiffs' claim, breach of contract, and violations of the Texas Insurance Code, Plaintiffs suffered consequential damages which Plaintiffs are entitled to recover.

69.    As a direct and foreseeable result of Defendant's acts and omissions in the mishandling of Plaintiffs' claim by undervaluing and underestimating the damages in its investigation, Plaintiffs were compelled to engage the services of a public adjuster, Meiyssell Insurance Services, LLC, to represent them and assist with presenting their claim to Defendant. Plaintiffs were compelled to forgo a portion of any settlement funds in exchange for the public adjusting services in accordance with Texas law. Accordingly, Plaintiffs are owed the public adjuster's fee as a result.

70.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

71.    Plaintiffs hereby request a jury trial and tender the appropriate jury fee.

## XI.
## PRAYER

72.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof,

Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in

accordance with the rules of law and procedure, both as to actual damages, statutory penalties and

interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages

as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any

appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-

judgment interest as allowed by law, and for any other and further relief, either at law or in equity,

to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**GREEN KLEIN & WOOD**

By:     */s/   William T. Jones, Jr.*
WILLIAM T. JONES, JR.
State Bar No.: 24032601
bjones@greentriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DELARAM FALSAFI
State Bar No. 24113083
falsafi@greentriallaw.com
408 East 7th Street
Houston, Texas 77007
Telephone: (713) 654-9222
Facsimile: (713) 654-2155

**ATTORNEYS FOR PLAINTIFFS**

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrea Galvan on behalf of William Jones, Jr.
Bar No. 24032601
agalvan@greentriallaw.com
Envelope ID: 73644312
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 3/14/2023 1:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Andrea Galvan | | agalvan@greentriallaw.com | 3/14/2023 1:03:56 PM | SENT |
| Delaram Falsafi | | falsafi@greentriallaw.com | 3/14/2023 1:03:56 PM | SENT |
| Robert DGreen | | green@greentriallaw.com | 3/14/2023 1:03:56 PM | SENT |
| Samantha Galindo | | galindo@greentriallaw.com | 3/14/2023 1:03:56 PM | SENT |
| Veronica Garcia | | vgarcia@greentriallaw.com | 3/14/2023 1:03:56 PM | SENT |
| William T.Jones, Jr. | | bjones@greentriallaw.com | 3/14/2023 1:03:56 PM | SENT |